UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-2483 |
| | § | |
| SILVIA ESTHER CHAVEZ, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiff's motion for summary judgment. Dkt. 15. Upon consideration of the motion, the response, the summary judgment record, and the applicable law, the motion is GRANTED IN PART as to liability and DENIED IN PART as to damages, with leave to resubmit as detailed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, KingVision Pay-Per-View, Ltd. ("KingVision"), is a broadcast licensee who obtained exclusive rights to broadcast the August 13, 2005 Rahman vs. Barrett championship boxing match and preliminary bouts (the "Event"). Dkt. 16, Exs. A at 2, A–1. In Texas, the Event was only available through KingVision, who electronically coded or scrambled the transmission to safeguard against its unauthorized interception. Dkt. 16, Ex. A at 2.

Defendant, Silva Esther Chavez, is the owner of the Tequila Sunrise Nite Club ("Tequila Sunrise") located at 1920 Wirt Road, Houston, Texas 77055. Dkt. 5 at 1. According to the complaint, Chavez willfully intercepted and/or received the interstate communication of the Event and then transmitted or divulged the communication to the patrons of Tequila Sunrise without

obtaining the requisite license.[1]  *Id.* at 3.  Additionally, plaintiff alleges that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 and that Tequila Sunrise is a repeat offender.  *Id.* at 4.  KingVision seeks statutory damages pursuant to those sections, a permanent injunction enjoining any further unlicensed programs pursuant to those sections, and full costs and expenses, including attorneys' fees and pre and post-judgment interest.  *Id.* at 4–5.

## II. DISCUSSION

### 1. Summary Judgment Standard

A timely motion for summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008).  On a plaintiff's motion for summary judgment, the defendant "must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."  FED. R. CIV. P. 56(e)(2).  Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986).  An issue is "material" if its resolution could affect the outcome of the action.  *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

---

[1] The affidavit of Marcial E. Solis indicates that, on August 13, 2005, he observed approximately six to twenty patrons inside Tequila Sunrise during the broadcast of the Event, which was displayed on four televisions.  Dkt. 16, Ex. A–2.

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*.

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick*

*James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

**2. Section 605 Violation**

KingVision asserts that Chavez is liable under to 47 U.S.C. § 605(a). Section 605 provides that "no person receiving . . . any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception . . . to any person other than the addressee, his agent, or attorney . . . . " 47 U.S.C. § 605(a). To establish a violation of 47 U.S.C. § 605(a), the plaintiff must establish that (1) the defendants received, assisted in receiving, transmitted, or assisted in transmitting an interstate communication by wire or radio and (2) broadcast, displayed, or divulged that communication to at least one other person (3) without authorization. *Entm't by J & J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 773–74 (S.D. Tex. 2002) (citing 47 U.S.C. § 605(a)). **A. Received and Displayed**

The interstate satellite or cable transmission of the Event was available to commercial establishments only through KingVision and was electronically coded or scrambled to safeguard against unauthorized interception. Dkt. 16, Ex. A at 2. KingVision offers the Solis affidavit as proof that Chavez received the Event and broadcast it at Tequila Sunrise on four televisions to at least twenty patrons. Dkt 16, A–2. In response, Chavez argues that the affidavit is not competent summary judgment evidence because the affidavit notarization date is inconsistent, the attached photo of the club is unclear and cuts off "the bottom of the sign," and the affidavit incorrectly

describes the Event as an "HBO Telecast." Dkt. 17 at 2–3. However, notwithstanding any problems with the Solis affidavit, Chavez has not demonstrated a genuine issue of material fact regarding whether she received and displayed the Event. In her answers to requests for admissions, Chavez admits that she advertised, broadcasted, and showed the Event at Tequila Sunrise. Dkt. 16, Ex. C at 4. Therefore, the court finds that the record demonstrates that defendant received and displayed the Event.

### B. Without Authorization

In his affidavit, Thomas P. Riley[2] states that defendant's display of the Event was unauthorized. Dkt. 16, Ex. A at 3. In response, Chavez argues that "[i]f the fight Solis witnessed was on HBO as [Solis] stated, and if Tequila Sunrise had paid Garden City[3] to show the HBO fights, then Tequila Sunrise was authorized to show the fight card." Dkt. 17 at 4. She offers copies of several payments for HBO and pay-per-view events in 2006 and 2007, but states that she is still searching for the 2005 records. Dkt. 17, Affidavit of Kahtan Aliman at 1–2. Per the Joint Discovery Management Plan, discovery was to be completed by July 15, 2009. Dkt. 13 at 4. Chavez did not supplement her response to add 2005 receipts or wires. Therefore, even if it was an HBO event, Chavez has failed to prove she paid for it.

However, the summary judgment record conclusively establishes the fight was not an HBO fight. Dkt. 16, Ex. A-1. And Chavez does not affirmatively argue that it was. Nor does she ever affirmatively argue that she paid for the Event. Without records showing valid payment to Garden City or KingVision for the right to show the Event, the court finds that KingVision has established

---

[2]KingVision hired Riley's firm to investigate piracy of closed-circuit television programming. Dkt. 15, Ex A. His affidavit is based on the investigation file he compiled of Chavez's broadcast of the event. *Id.*

[3]The original complaint listed Garden City as the plaintiff. Dkt. 1. It was later amended to substitute KingVision. Dkt. 5.

a violation of 47 U.S.C. § 605 through the uncontroverted testimony of Thomas Riley.  Because defendant has raised no genuine issue of material fact, summary judgment is appropriate.

**3. Damages for Violation of § 605.**

The Federal Communications Act provides for both civil and criminal penalties.  In a civil action, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a prevailing plaintiff in an anti-piracy case; § 605(e)(3)(C)(ii) authorizes the award of additional damages for willful behavior; § 605(e)(3)(B)(iii) mandates the award of attorneys' fees and allows for an award of full costs; and § 605(e)(3)(B)(i) permits courts to grant injunctions.  47 U.S.C. § 605(e)(3)(B)–(C).

KingVision has requested statutory damages in the amount of $10,000; additional damages in the amount of $50,000; attorney's fees in the amount of $20,000; conditional attorney's fees; costs and post-judgment interest; and a permanent injunction prohibiting the defendants from intercepting or exhibiting an unauthorized program in violation of the Federal Communication Act.  Dkt. 15 at 22–23.  KingVision bases its damages on the Solis affidavit.  However, as Chavez points out, the Solis affidavit contains inconsistencies.  Therefore, absent some other evidence of damages, the court cannot enter judgment for a specific amount.  Accordingly, KingVision has twenty (20) days from the date of this order to submit a motion for summary judgment on damages.  Chavez shall have ten (10) days from the date KingVision files its response.

### III. CONCLUSION

In conclusion, the court finds that plaintiff has proffered sufficient summary judgment evidence to establish a violation of 47 U.S.C. § 605, and that the defendant has failed to create a genuine issue of material fact to preclude summary judgment. Accordingly, plaintiff's motion for summary judgment is GRANTED IN PART as to liability and DENIED IN PART as to damages. Parties are required to resubmit on damages as detailed above.

It is so ORDERED.

Signed at Houston, Texas on November 3, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY