UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KING VISION PAY-PER-VIEW, LTD., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-08-2483 |
| § | |
| SILVIA ESTHER CHAVEZ, INDIVIDUALLY AND § | |
| D/B/A TEQUILA SUNRISE NITE CLUB § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's motion for summary judgment for damages against defendant. Dkt. 19. For the following reasons, the plaintiff's motion is GRANTED.

**BACKGROUND**

In this case plaintiff KingVision Pay-Per-View, Ltd. ("KingVision") obtained exclusive rights to broadcast the Rahman v. Barrett boxing match and preliminary bouts (the "Event") that took place on August 13, 2005. Having previously been granted summary judgment on the issue of liability, KingVision now seeks statutory damages, additional damages, attorneys' fees, costs, post-judgment interest, and a permanent injunction against defendant Silvia Esther Chavez ("Chavez"). Dkt. 19 at 12–15.

**ANALYSIS**

The Federal Communications Act, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case; § 605 (e)(3)(C)(ii) allows courts to award additional damages for willful behavior; § 605(e)(3)(B)(iii) mandates that courts award attorneys' fees and allows courts to award full costs; and § 605(e)(3)(B)(I) permits courts to grant injunctions.

KingVision claims Chavez broadcast the Event without proper authorization. *Id.* at 12. KingVision also asserts that Chavez's actions were "willful and committed for purposes of direct, or indirect, commercial advantage or private financial gain." *Id.* at 13. Furthermore, KingVision believes damages are justified because Chavez is a multiple offender of the Communications Act. *See* Dkt. 19, Ex. F. Chavez submits that $1,800 would be an appropriate finding of statutory damages for the unauthorized showing of the Event and that $2,250 for attorneys' fees would be reasonable. Dkt. 21 at 2. However, Chavez contends additional damages are not appropriate because she is not a repeat offender as alleged by KingVision. *Id.* at 2–3.

KingVision provides three affidavits as evidence that Chavez broadcast other boxing and soccer matches in her establishment without authorization. Dkt. 19, Exs. C-E. First, KingVision provides the affidavit of Bobbie Jean Solis, who witnessed the Ponce de Leon v. Penalosa boxing match at Chavez's establishment on March 17, 2007. Dkt. 19, Ex. C. Second, Michael Liles witnessed the telecasting of the Mexico v. Costa Rica soccer match on July 24, 2003, and noticed a lighted marquee advertising the soccer match. Dkt. 19, Ex. D. Lastly, on September 17, 2005, Juan De La Cruz observed the Barrera v. Peden pay-per-view fight at Chavez's club. Dkt. 19, Ex. E. Chavez admits she has previously televised professional boxing matches and soccer matches other than the Event. Dkt. 16, Ex. C at 5. However, in her sworn testimony, Chavez denies being a multiple offender of the Communications Act because she has never telecast other events without proper authorization. Dkt.21 at 5. She contends that she is just poor at record-keeping. *Id.*

The affidavits provided by the plaintiff demonstrate only that Chavez televised the particular bouts and matches; not that the appropriate licensing fees were not paid. KingVision did not provide

2

any affidavits that these other events were not properly paid for. This evidence, therefore, does not establish that Chavez is a repeat offender.

KingVision also provides a copy of a settlement agreement that Chavez entered into in regard to the unauthorized broadcast of the Mexico v. Costa Rico soccer match. Dkt. 19, Ex. F. In response, Chavez concedes that she did advertise the match, but states that she did not show the event because she became aware that it would require a licensing fee. *See* Dkt. 21 at 5. Chavez agreed to enter into the settlement agreement on advice of counsel because she had improperly advertised the match. *Id.* Assuming, without deciding, that the settlement agreement is proper summary judgment evidence not barred by the Federal Rules of Evidence, the settlement agreement does not prove that Chavez previously televised an unauthorized event. It shows only that she agreed to settle the claim rather than take it to trial.

Based on the record before the court, the court concludes additional damages in the amount of $10,000 are reasonable in light of Chavez's admittedly willful showing of the Event for the purpose of financial gain (Dkt. 19, Ex. B) and are an adequate deterrent against future violations. Accordingly, the court finds the requested relief to be reasonable in this case with the exception that statutory damages will be awarded in the amount of $1,800; additional damages will be awarded in the amount of $10,000; attorneys' fees will be awarded in the amount of $2,250; and post-judgment interest shall accrue at the rate of 0.36% per annum. Furthermore, KingVision is entitled to recover the following conditional awards of attorneys' fees from Chavez in the following circumstances:

    a.    Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for a new trial, motion for reconsideration or other post-

        judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

b.     Fifteen Thousand Dollars ($15,000.00) in the event defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

c.     Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

d.     Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the judgment obtained in this action; and

e.     Two Thousand Dollars ($2,000.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

It is so ORDERED.

Signed at Houston, Texas on March 10, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY